UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT ROMECO SHANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-cv-01292 |
| ) | Judge Trauger |
| URS ENERGY AND CONSTRUCTION, ) | |
| INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

# M E M O R A N D U M

The plaintiff, proceeding *pro se* and *in forma pauperis*, is currently detained at the Wilson County Jail in Lebanon, Tennessee. The plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants URS Energy & Construction, Inc., Chuck Taylor, Zack Payne, and Toney McDaniel terminated his employment in violation of his constitutional rights. (Docket No. 1).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I.  PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

The plaintiff seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III. Alleged Facts

A fair reading of the *pro se* complaint suggests that the plaintiff previously was employed by URS Energy & Construction, Inc. The named individual defendants held superintendent positions with URS Energy & Construction, Inc. during the time of the plaintiff's employment with the company. On April 22, 2014, the defendants issued to the plaintiff a "Craft Termination Notice" for absenteeism. The complaint alleges that the procedures outlined in the "Job Rules and Disciplinary Actions" were not followed, "thus placing plaintiff in a procedural hardship of discrimination against him, because Category violations from I, II and III were not instituted from dates of absenteeism, stating Category termination rules were not Termination notice." (Docket No. 1 at p. 2). The plaintiff's position with URS Energy & Construction, Inc. subsequently was terminated.

## IV. Analysis

The plaintiff's claims under 42 U.S.C. 1983 must be dismissed for failure to state a claim

upon which relief can be granted because the plaintiff fails to show that URS Energy is a state actor or acted under color of state law.

Section 1983 allows individuals to bring a federal lawsuit against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n.3, 104 S .Ct. 2924, 82 L.Ed.2d 36 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir. 1996). In other words, a plaintiff generally cannot sue a private company or individual for violations of his constitutional rights. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L.Ed.2d 130 (1999). Rather, a plaintiff can only bring a claim against a state actor or person acting "under color of state law" for violations of his constitutional rights. There are exceptions to this rule, but they are very narrow. For instance, a plaintiff may be able to bring a § 1983 action against a private individual if he shows that the private citizen acted corruptly in concert with a state official. *Tahfs*, 316 F.3d at 591. Alternatively, to make out a claim that a private person is acting under the color of state law, the plaintiff must be able to satisfy one of three tests utilized by the Sixth Circuit: the public function test, the state compulsion test, or the nexus test. *Id.*

> The public function test 'requires that the private entity exercise powers which are traditionally exclusively reserved to the state'.... The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state.

*Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995) (quoting and citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)).

Although the complaint alleges that "[a]t all times relevant herein, Defendants were 'persons' for purposes of 28 U.S.C. Section 1983 [sic] and acted under color of law to deprive plaintiff of his Constitutional rights to due process . . . ." (Docket No. 1 at p. 2), the complaint fails to set forth facts supporting a theory that the defendants were in a conspiracy with a state actor, or that the defendants qualify as state actors under any of the abovereferenced tests. Because the plaintiff has failed to show that any of the defendants acted under color of state law, which is a necessary element of a claim under § 1983,[1] the court finds that the plaintiff's § 1983 claim is subject to dismissal for failure to state a claim for which relief may be granted.

## V. CONCLUSION

For these reasons, the court finds that the plaintiff's complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the plaintiff's complaint will be dismissed.

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge

---

[1] The plaintiff's allegations may be more appropriately raised in a Title VII action against his former employer.